Sutliee, J.
The1 first question presented for our consideration is the right of joinder of the plaintiffs in the action.
The provisions of the code are as follows:
“Seo. 34. All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs.”
In order to'correctly determine this question it is only necessary to ascertain what was the subject of the action, and how the parties stood related to it.
The subject of the action is the attachment undertaking, given under section 199 of the code. That section provides that “the sheriff shall deliver the property attached to the person in whose possession it was found, upon the execution by such person, in the presence of the sheriff, of an undertaking to the plaintiff, with one or more sufficient sureties resident in the county, to the effect that the parties to the same are bound in double the appraised value thereof, that the property, or its appraised value in money, shall be forthcoming to answer the judgment of the court in the action; but if it shall appear to the court that any part of said property has been lost, or destroyed by unavoidable accident, the value thereof shall bo remitted to the person so bound.”
The undertaking so required and given is not for the delivery of the property, or in default to pay the judgment merely, but, in default of delivering the property, to pay the value thereof. The party to whom the sheriff so redelivers it thereby receives and holds it as the bailee of the sheriff; and the property is still, in contemplation of law, in the possession of the sheriff, so far as subsequent attaching creditors are concerned. Hence, it is provided *by section 202, that “ whore the property is under attachment, it shall be attached under subsequent orders as follows: . . . . If it be personal property, it shall be attached as in the hands of the'officer, and subject to any previous attachment.”
And again, under section 222: “The court may compel the delivery to the sheriff for sale of any of the attached property for which an undertaking may have been given, and may proceed summarily, on such undertaking, to enforce the delivery of the property, or the payment of such sum as may be due upon the undertaking by rules and attachments, as in cases of contempt.”
And under section 223: “ The court may order the sheriff to repossess himself, for the purpose of selling it, of any of the at *393 -tacked property which may have passed out of his hands without having been sold or converted into money; and the sheriff shall, ■under such order, have the same power to take the property as he would have under an order of attachment.”
It thus appears that the object of the undertaking is to secure the property, or its value, to satisfy any judgment that the court may render in favor of the creditors who may have attached the .same, either at the time the undertaking was so given, or after the redelivery of the property by the sheriff, and while the property remained constructively in his possession. And the undertaking being to the first attaching creditors for the forthcoming of the property or its value, the undertaking inured to the benefit of subsequent attaching creditors upon the same property, which was •constructively in the hands of the sheriff; and such subsequent attaching creditors, although not named parties in the undertaking .as payees, had a beneficial interest in the undertaking; being, in their order, respectively entitled to the fruits of the undertaking, the proceeds of the property on its salé, or of its value so secured by the undertaking.
*It follows, therefore, that the subsequent attaching creditors had an interest in the subject of the action, and in obtaining the relief demanded by the action upon the undertaking, and might properly be joined as plaintiffs.
But while this view of the case disposes of the objection for misjoinder, expressed in different forms by assignments one, two, and three, there remains to be considered the other objection to the holding of the district court, in relation to the amount recoverable in such action.
From what has already been said, it appears that the right of action upon the undertaking extends'to all subsequent attaching «creditors, attaching the property while so constructively in the possession of the sheriff. The right of action upon the undertaking ■does not, however, extend to any other attaching creditors than those who either actually or constructively attach, the property, and only as to such property so attached. .
The record discloses the fact, that on the 10th of April, 1854, all the goods redelivered by the sheriff, except $1,537.46, were returned to the sheriff Such return was in compliance with the terms of the undertaking, pro tanto, as to the amount of goods returned; .and if all the goods had been then returned, the same would have *394 been a fall satisfaction of the undertaking, and no action could ever thereafter have been maintained upon the undertaking. But inasmuch as $1,537.46 in value of the goods had not been returned, the undertaking remained in force for that amount, if the same-sh<¡ uld be found necessary for the satisfaction of the judgments of any creditors having attachments thereon ; and that, too, whether the attachments had been actually made, or should thereafter be made during the pendency of said actions, and while the same was so constructively in the possession of the sheriff. But the parties to the undertaking being sureties, their undertaking can not be held to extend, by implication, beyond the terms of the contract. And the terms of their contract, as expressed, is, that the property or its appraised value-*in money, should be forthcoming to answer the judgments-of the court in said several actions. But the judgment of the court in those actions could only be affected by other judgment creditors who should attach the same property, as stated, during the pendency of the actions so before commenced. But the record discloses,, in this case, the fact that the goods were, to the amount of $3,366.66,. returned to the sheriff, and that he has recovered in an action of replevin that sum for the goods so returned to him. To that fund, and no other, have the creditors who only attached those goods-represented by that fund, a right, according to their respective priorities, to look for the satisfaction of their judgments. Now, while it appears from the record that the amount realized by the sheriff, from the goods so returned to him, was more than sufficient to pay the judgment of Corbin and that of Ives, two of the creditors attaching all the goods prior to their delivery to the sheriff, as to the other creditors so attaching, there is nothing in the record showing the amount of their judgments. It does not, therefore, appear whether the amount realized by the sheriff from the goods delivered to him April 10, 1854, was in fact sufficient to satisfy all subsisting attachments at that time upon all the goods. It does, however, appear, as to all the attaching creditors who attached after the return of the, goods on April 10, 1854, that their attachments were respectively only made upon the goods so returned, and not upon the $1,537.46 worth of goods which had not been returned. And it further appears from the record, that the district court rendered judgment in favor of the plaintiffs, against the defendants in that court, for the value of the goods not delivered to the sheriff, *395 without proof of any deficiency in the proceeds of the goods delivered; ($3,366.66) to satisfy all the judgments of creditors, whose attachments were actually upon all the goods.
Eor this cause, the judgment of the district court must *be reversed, with costs, and the case remanded to that court for further proceedings.

Judgment accordingly.

Brinkerhoee, O. J., and Scott, Peck, and G-holson, JJ., concurred.